IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARGARET A. LOFGREN,

    Plaintiff,

v.                                                CASE NO. 1:06-cv-00143 MP-AK

MICHAEL J. ASTRUE.
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 14, Report and Recommendation of the Magistrate Judge, recommending that the Commissioner of Social Security's decision denying Plaintiff's applications for supplemental security income benefits filed under Title XVI of the Social Security Act be affirmed. The Magistrate Judge filed the Report and Recommendation on Friday, February 1, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

After hearings on June 13, 2005, and November 7, 2005, the Administrative Law Judge ("ALJ") found that Plaintiff had severe impairments of headaches, moderate degenerative disc disease of the cervical spine, dizziness, weakness, status post head trauma in a motor vehicle accident, and depression. Nevertheless, because Plaintiff could perform a number of jobs existing in the national economy, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. Under 42 U.S.C. § 405(g), the Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.

Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).

Plaintiff presents several arguments that the ALJ's decision is not supported by substantial evidence. First, Plaintiff argues that the ALJ erred in accepting the opinions of non-examining physicians and that of a chiropractor over the opinions of treating physicians. Next, Plaintiff states that the ALJ erred in rejecting Plaintiff's credibility based on factors not supported by the record. Plaintiff also claims that the ALJ's finding that Plaintiff could perform light work is not supported by the record. Finally, Plaintiff contends that the vocational expert's testimony about other jobs Plaintiff could perform was based on a defective hypothetical.

After reviewing the record, the Magistrate concludes that the ALJ articulated "good cause" for accepting and rejecting the various opinions of the treating physicians, and that the error in failing to address the letter from Dr. Rossi was harmless. Plaintiff responds that the Magistrate erred in concluding that the ALJ properly rejected the opinions from Drs. Bordini and Cerra because they were rendered after Plaintiff's date last insured. Plaintiff states that these opinions are still relevant and entitled to "significant weight." A claimant must establish that her disability commenced prior to her date last insured, but because the burden of proving disability is so great, a claimant is allowed to introduce testimony of her treating physician even though that relationship was not established until after the relevant period. Boyd v. Heckler, 704 F.2d 1207 (11th Cir.1983). While a retrospective opinion can prove the existence of a disability, the retrospective opinion must refer *clearly* to the relevant period of disability, and not simply express an opinion to the claimant's current status. As the Magistrate points out, there is a small window of time during which Plaintiff's physical and mental condition is relevant. The ALJ rejected the opinions rendered by Dr. Bordini and Dr. Cerra because these opinions were

rendered significantly after the insured status expired, and neither doctor gave their opinion as to Plaintiff's condition as it existed during Plaintiff's relevant period of disability. Therefore, the Court agrees with the Magistrate that the ALJ's decision in rejecting these opinions is supported by substantial evidence.

Plaintiff also argues that the ALJ erred in rejecting the opinion of Dr. Cerra, which stated that Plaintiff's CT scans and x-rays showed trauma during the relevant period. The Magistrate concludes that the ALJ properly gave Dr. Cerra's opinion less weight because it conflicted with the treatment notes and tests. Moreover, the opinion of Dr. Cerra that Plaintiff relies on was written in a letter on Plaintiff's behalf to take to her divorce proceeding, and is contradictory to a treating physician's treatment notes and objective tests. All objective medical tests showed normal results, with the only evidence of other impairments being Plaintiff's statements to her treating physicians. The ALJ found Plaintiff's subjective complaints to be not entirely credible because there were numerous inconsistencies in the record, as well as Plaintiff's lack of candor.

These subjective complaints formed the basis for Dr. Rossi's opinion rendered in the "Letter to the Chart," which the Magistrate found was harmless error for the ALJ to fail to address. Specifically, the Magistrate concluded that the opinion in the letter was contrary to the physical findings Dr. Rossi made upon examination, and the opinion that Plaintiff's inability to work may be psychiatric in nature was not persuasive since Dr. Rossi is a neurologist, and he deferred to a psychiatrist on this issue. The Court agrees with the Magistrate. The statements in the letter by Plaintiff to Dr. Rossi do not qualify as the opinions of a treating doctor, and Dr. Rossi left it to a psychiatrist to determine if Plaintiff's symptoms could be the result psychiatric problems.

Also, the Magistrate determined that it was not error for the ALJ to find the report of a chiropractor to be persuasive since it was consistent to other evidence from treating medical sources. Plaintiff cites to a contrary opinion rendered by Dr. Greenberg, who observed Plaintiff after her relevant period of disability. As previously stated, this retrospective opinion does not relate to Plaintiff's condition as it existed *during* Plaintiff's relevant period of disability. Furthermore, the ALJ used the opinion of the chiropractor as persuasive support based upon the various opinions of the treating physicians. The Court agrees with the Magistrate that the ALJ did not err on this ground.

In the hypothetical posed to the vocational expert, the ALJ included limitations based on the functional assessments in the record found be Dr. Greenberg, two non-examining physician's reports, and two psychiatric reviews. Plaintiff argues that reliance on the reports of the non-examining physicians was in error because they are contrary to the opinions of Drs. Cerra, Rossi and Bordini. As previously stated, the ALJ did not exclusively rely on the non-examining physicians, and in fact *every* assessment in the relied-upon reports precluded strenuous work and/or heavy lifting, and included limitations because of Plaintiff's neck pain, as well as restricting the range of jobs she could perform to simple routine tasks because of her mental limitations. When the vocation expert described the jobs that Plaintiff could perform based on these limitations, they were the same jobs that Plaintiff had been performing during her relevant period of disability.

Plaintiff responds that her credibility should not have been rejected because of her attempt to lead a normal life by working and participating in various activities. The ALJ had the opportunity to personally observe Plaintiff's demeanor, and concluded that Plaintiff's hearing

testimony was "vague and ambiguous," citing "numerous inconsistencies," and that her testimony was not "entirely credible." Plaintiff claims that these all demonstrate her mental disability, and the Magistrate acknowledges "that at the time of the hearing Plaintiff's mental condition was causing her difficulties." The Magistrate ultimately finds this argument to be unpersuasive since Plaintiff had counsel at the hearings, who was hired to speak for her if she was unable to express herself. Ultimately, the Magistrate finds that Plaintiff's condition at the hearing is immaterial because Plaintiff was no longer qualified for Title II benefits as of December 31, 2002. The Court agrees with the Magistrate that the ALJ clearly articulated the credibility finding, and that this decision is supported by substantial supporting evidence in the record.

Next, Plaintiff claims that the ALJ's RFC findings are contrary to the mandatory provisions of SSR 96-8p, and that the Magistrate's Report does not address most of Plaintiff's arguments. Plaintiff argues that the ALJ's RFC determination is legally deficient because he failed to consider all of the medical evidence, or to consider all of Plaintiff's impairments and symptoms. The burden is on the Plaintiff to prove disability, and the ALJ found some medical evidence in the record more persuasive than others. This argument is tied to the previous credibility determinations that the Court has already addressed, and the Court finds that the ALJ's RFC determination included all credible medical evidence and impairments.

Finally, Plaintiff argues that the hypothetical posed to the vocational expert was defective, and thus the ALJ'S finding about Plaintiff's ability to perform other work is not supported by the evidence. The ALJ is only required to pose those limitations he finds severe in the hypothetical to the expert. Again, the ALJ had substantial evidence in the record to

determine which questions to include in the hypothetical, and the Court finds no reason to disturb this decision.

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 14, is adopted and incorporated by reference in this order.

2. The decision of the Commissioner denying benefits is AFFIRMED.

**DONE AND ORDERED** this   *4th* day of April, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge
